IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIFFORD WRIGHT III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF OMAHA, OMAHA POLICE DEPARTMENT, NICHOLAS YARPE, #2082; and COLE JOHANNSEN, #2157;<br><br>Defendants. | **8:22CV443**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Clifford Wright III ("Wright") filed a Complaint, Filing No. 1, on December 23, 2022, and paid the full filing fee. The Court must conduct an initial review of Wright's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A. Before conducting this review, the Court will address the multiple motions Wright has filed to amend his Complaint.

## I. MOTIONS TO AMEND COMPLAINT

Between January 27, 2023 and March 20, 2023, Wright filed nine motions to amend his Complaint which sought to supplement his Complaint with additional claims, factual support, and add or delete parties. Filing No. 16; Filing No. 18; Filing No. 21; Filing No. 22; Filing No. 23; Filing No. 27; Filing No. 28; Filing No. 30; Filing No. 31. None of these motions to amend complied with the Court's local rules which require a "motion for leave to amend [to] specifically state the proposed amendments" and to include "as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments." NECivR 15.1(a).

On April 10, 2023, Wright filed a motion for leave to file an amended complaint which attached a signed proposed amended complaint. Filing No. 36. However, before the Court was able to rule on Wright's motions, Wright filed a "Motion of Leave to withdraw pending motion" (hereinafter "Motion to Withdraw") on June 23, 2023, Filing No. 42, in which he asked the Court to disregard all pending motions pertaining to his Complaint filed before June 12, 2023, and to instead grant his simultaneously filed motion for leave to file an amended complaint (hereinafter "Motion to File Amended Complaint"), Filing No. 44. Wright's Motion to File Amended Complaint seeks leave to file an amended complaint "containing every allegation against every defendant . . . that is short and plain in accordance [with] Federal Rule of Civil Procedure #8," and attaches a signed amended complaint on the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner) (hereinafter "Amended Complaint"). Filing No. 44. Wright clearly intended his proposed Amended Complaint to supersede his original Complaint as well as all his previous motions to amend and supplemental filings, save for a few enumerated exhibits. *See* Filing No. 43; Filing No. 44 at 14. Accordingly, upon consideration, the Court will grant Wright's Motion to Withdraw, Filing No. 42, his related motion asking the Court to grant his Motion to Withdraw, Filing No. 43, and his Motion to File Amended Complaint, Filing No. 44. The Court will consider the Amended Complaint as the operative pleading, *see* NECivR 15.1(b), and will deny Wright's previous ten motions to amend, as well as his motion to grant his prior motions to amend, Filing No. 29, as moot. In the interests of justice, the Court will forgo the requirement in NECivR 15.1(c) that Wright file the Amended Complaint after the granting of his motion to amend and will direct the Clerk of Court to update the docket text of Filing No. 44 to reflect that it is the Amended Complaint.

*See* NEGenR 1.1(c) ("[I]n the interests of justice a judge may deviate from this court's rules or procedures.").

The Court now conducts an initial review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. For purposes of this initial review and in accordance with Wright's request, Filing No. 43; Filing No. 44 at 14, the Court will consider Wright's supplemental filings, Filing No. 37; Filing No. 38; Filing No. 39; Filing No. 40, as part of the Complaint. *See* NECivR 15.1(b).

## II. SUMMARY OF AMENDED COMPLAINT

Wright is a federal pretrial detainee currently confined in the Hall County Department of Corrections in Grand Island, Nebraska on pending criminal charges in *USA v. Wright*, No. 8:22-cr-00253-RFR-SMB (D. Neb.) (hereinafter "22CR253"), and a pending violation of supervised release in *USA v. Wright*, No. 8:21-cr-00067-RFR-SMB (D. Neb.) (hereinafter "21CR67").[1] Wright brings this action pursuant to 42 U.S.C. § 1983 against the City of Omaha, Omaha Police Department ("OPD") Chief Todd Schmaderer ("Schmaderer"), and OPD police officers Cole Johannsen ("Johannsen") and Nicholas Yarpe ("Yarpe") for alleged violations of his federal constitutional and statutory rights.

Wright alleges that Yarpe gave false statements in a petition for a warrant for Wright's arrest for a violation of his supervised release in 21CR67. Filing No. 44 at 6. In the petition for a warrant, Yarpe stated "[t]hat an individual appears on video footage near 30th and Martin Ave[.] discharging a firearm" on or about October 30, 2022, and Yarpe

---

[1] The Court takes judicial notice of the records in 21CR67 and 22CR253. The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

3

"identified Clifford Wright as the individual shooting the firearm." Filing No. 40 at 1. Wright alleges these statements are false based on information later disclosed in a police report in which Johannsen stated he "was also able to confirm the male who exits the red Ford Explorer brandishing a firearm was WRIGHT," as opposed to "shooting" a firearm as Yarpe stated in his petition for a warrant. Id. at 2; see also Filing No. 44 at 6.

Wright was arrested during a traffic stop on November 2, 2022, outside of the Douglas County Department of Corrections ("DCDC") where Wright was arriving to pick up his sister, Breauna Wright ("Breauna"). Filing No. 37 at 1; Filing No. 38 at 2, 4. After his arrest, Wright made phone calls from jail which Johannsen reviewed and used in obtaining a search warrant for a safe that was seized from the garage of Inesha Jackson ("Jackson"). Filing No. 37 at 1. Jackson indicated Breauna had asked to store the safe in Jackson's garage earlier in the day of November 2, 2022. Id. at 1–2. In his affidavit for the warrant to search the safe, Johannsen described a jail call between Wright and Breauna in which they discussed the "box" and how Breauna told police "that you [Wright] told me to move the box so I moved the box." Id. at 1. Wright alleges that Johannsen's account of the conversation between Wright and Breauna that he provides in a later police report differs from the account given in his affidavit, which shows that Johannsen "deliberately concealed/deliberately omitted . . . material facts . . . to keep these material facts from contradicting the deliberate false information/the created falsehoods he gave in his efforts to mislead and deceive the signing Douglas County Judge." Filing No. 44 at 7. Wright further alleges that the search of the safe undertaken by Johannsen and multiple OPD officers based on the search warrant obtained through Johannsen's false statements violated his Fourth Amendment rights. Id. at 7.

4

Though not specifically alleged in the Amended Complaint, the evidence which Wright alleges Johannsen obtained in violation of the Fourth Amendment served as the basis for the charges against Wright in 22CR253. *See, e.g.*, Filing No. 36 at 9. On November 15, 2022, an indictment was filed in 22CR253 charging Wright with one count of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(8). Filing No. 38 at 1; *see also* Filing No. 1, Case No. 8:22CR253. Subsequently on December 13, 2022, a superseding indictment was filed in 22CR253 charging Wright with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Filing No. 16, Case No. 8:22CR253. As of the date of this Memorandum and Order, 22CR253 is pending and the deadline for Wright to file pretrial motions is July 5, 2023. *See* Filing No. 56, Case No. 8:22CR253. The trial on Wright's violation of supervised release in 21CR67 is currently set for August 2, 2023. Filing No. 82 (text order), Case No. 8:21CR67.

As relief, Plaintiff seeks $1.3 billion in monetary and punitive damages[2] for pain and suffering, emotional distress, public humiliation, libel, defamation, slander, false arrest, unlawful arrest, and violation of his constitutional and federal statutory rights. Filing No. 44 at 6.

### III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

---

[2] Wright specifically asks for "Declaratory Relief, monetary relief in the amount of 1.3 billion dollars for injuction [sic] relief also punitive damages." Filing No. 44 at 6. Because Wright does not specify what rights he wants declared or what he seeks to enjoin, the Court will assume Wright actually asserts claims for money damages instead of declaratory or injunctive relief.

5

determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

6

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## IV. DISCUSSION OF CLAIMS

Liberally construed, Wright sues the City of Omaha, Schmaderer, Johannsen, and Yarpe in their official and individual capacities pursuant to 42 U.S.C. § 1983 for, inter alia, unlawful arrest, unlawful search, and malicious prosecution in violation of the Fourth Amendment. Due to the pendency of Wright's criminal proceedings in 22CR253 and 21CR67, the Court finds that these proceedings should be stayed pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007).

In *Wallace v. Kato*, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." *Id.* at 397. The Court also instructed that where, as here,

> a plaintiff files a [Fourth Amendment] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."

*Id.* at 393–94. Otherwise, the district court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict–all this at a time when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

7

Wright's Fourth Amendment claims are based on the same set of facts and circumstances which led to Wright's indictment in 22CR253 and the pending trial on his violation of supervised release in 21CR67. His claims that he was unlawfully arrested and that evidence unlawfully seized and searched is being used against him relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Id*. "The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against [Wright] has been resolved through criminal proceedings." *Wilson v. Whitlock*, No. 1:18CV107 HEA, 2018 WL 3772180, at *3 (E.D. Mo. Aug. 9, 2018) (citing *Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same)). *See also Perrin v. Iuzzolino*, No. CV 16-791, 2017 WL 487123, at *4 (W.D. Pa. Jan. 11, 2017), *report and recommendation adopted sub nom. Perrin v. Izzulino*, No. CV 16-791, 2017 WL 478171 (W.D. Pa. Feb. 6, 2017) ("[W]here the § 1983 plaintiff has yet to be convicted and his civil claims are closely related to his criminal proceedings, the Court should stay the civil action."); *Blanchard v. City of St. Louis*, No. 4:10CV1548 RWS, 2011 WL 2731174, at *5 (E.D. Mo. July 12, 2011) (staying § 1983 case against police officers alleging unlawful search pursuant to *Wallace v. Kato*).

The Court also concludes a stay or abstention until resolution of Wright's criminal proceedings would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence, unless the conviction or sentence is reversed,

expunged or called into question by issuance of a writ of habeas corpus. See *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995). Accordingly, the Court will stay this matter and administratively close it until the criminal proceedings against Wright have concluded.

## V. OTHER PENDING MOTIONS

Wright filed a "Motion of Disclosure" seeking "any evidence of any complaints of misconduct or disciplinary actions in any of the Defendants officers' personnel records" on February 1, 2023. Filing No. 19. As this matter will be stayed and no discovery may yet take place, this motion will be denied as moot.

Wright also filed a document this Court construed as a motion titled "Preceding Advance Notice for Notice of Appeal" on February 1, 2023, in which he attempts to give notice that he intends to appeal to the Eighth Circuit Court of Appeal "in light of the possibility a Judgment & Commitment may not be favorable to the petitioner" in order to "eliminate any delays in the filing of a future Notice of Appeal." Filing No. 20. This motion will be denied as Wright may not provide such advance notice of an appeal. If Wright seeks to appeal a decision of this Court, then a notice of appeal must be filed with the Court within 30 days of when the judgment or order appealed from is entered. See Fed. R. App. P. 4(a)(1)(A).

## VI. CONCLUSION

The criminal proceedings pending against Wright in 22CR253 and 21CR67 are so closely connected to Wright's claims that a stay of these proceedings is appropriate pursuant to *Wallace v. Kato*. As the entire suit should be stayed, the Court need not

9

decide at this time whether Wright's Amended Complaint states a plausible claim against any defendant.

IT IS THEREFORE ORDERED that:

1. Plaintiff Clifford Wright III's Motion to File Amended Complaint, Filing No. 44, is granted. The Clerk of Court is directed to update the docket text to reflect that Filing No. 44 is the Amended Complaint.

2. The Clerk of Court is further directed to terminate "Omaha Police Department" as a defendant and to update the caption to add "Todd Schmaderer" as a defendant in accordance with the Amended Complaint, Filing No. 44.

3. Plaintiff's Motion to Withdraw, Filing No. 42, and his related motion asking the Court to grant his Motion to Withdraw, Filing No. 43, are granted.

4. Plaintiff's other pending motions to amend, Filing No. 16; Filing No. 18; Filing No. 21; Filing No. 22; Filing No. 23; Filing No. 27; Filing No. 28; Filing No. 30; Filing No. 31; Filing No. 36, his motion to grant his prior motions to amend, Filing No. 29, and his motion for disclosure, Filing No. 19, are denied as moot.

5. Plaintiff's "Preceding Advance Notice for Notice of Appeal," Filing No. 20, construed as a motion, is denied.

6. All proceedings in this case are stayed pending final disposition of the criminal charges pending against Plaintiff in 22CR253 and 21CR67. Plaintiff shall notify this Court in writing concerning the final disposition of the criminal charges pending against him within thirty (30) days after final disposition of the charges is made.

7.     This case is administratively closed pending final disposition of the criminal charges against Plaintiff, and may be reopened by Plaintiff's filing of a motion to reopen the case after such final disposition.

8.     The Clerk of Court is directed to close this case for statistical purposes.

9.     The Clerk of Court is further directed to transmit a copy of this Memorandum and Order to Plaintiff's counsel in 22CR253 and 21CR67.

Dated this 27th day of June, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge