IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIFFORD WRIGHT III,<br><br>                Plaintiff,<br><br>      vs.<br><br>CITY OF OMAHA, NICHOLAS YARPE, #2082; COLE JOHANNSEN, #2157; and TODD SCHMADERER,<br><br>                Defendants. | **8:22CV443**<br><br>**MEMORANDUM AND ORDER** |

       This matter is before the Court on five motions filed by Plaintiff Clifford Wright III ("Wright" or "Plaintiff") asking for leave to amend his Amended Complaint (hereinafter "Motions to Amend"). Filing No. 46; Filing No. 48; Filing No. 53; Filing No. 55; Filing No. 57. With each motion, Wright filed a brief in support, Filing No. 47; Filing No. 49; Filing No. 54; Filing No. 56; Filing No. 58, and Wright also submitted some supplemental exhibits in support of his amendments, Filing No. 50; Filing No. 51; Filing No. 52; Filing No. 59. For the reasons that follow, Wright's motions will be denied.

       Wright initiated this action on December 23, 2022, and the Court conducted an initial review of his Amended Complaint on June 27, 2023. Filing No. 45. At the time of the Court's initial review, Wright was a pretrial detainee with pending criminal charges in *USA v. Wright*, No. 8:22-cr-00253-RFR-SMB (D. Neb.) (hereinafter "22CR253"), and a pending violation of supervised release in *USA v. Wright*, No. 8:21-cr-00067-RFR-SMB (D. Neb.) (hereinafter "21CR67").[1] The Court determined that this matter must be

---

[1] The Court takes judicial notice of the records in 21CR67 and 22CR253. The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v. Jackson*, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. *Id.*

stayed pursuant to *Wallace v. Kato*, 549 U.S. 384 (2007), because "Wright's Fourth Amendment claims are based on the same set of facts and circumstances which led to Wright's indictment in 22CR253 and the pending trial on his violation of supervised release in 21CR67." Filing No. 45 at 8. Wright's criminal proceedings in Case Nos. 22CR253 and 21CR67 remain pending. On February 14, 2024, Wright was appointed new counsel to represent him in both criminal matters. Filing No. 155, Case No. 8:22CR253; Filing No. 99, Case No. 8:21CR67. As of the date of this order, a hearing on Wright's violation of supervised release in 21CR67 is presently set for April 10, 2024, and several pretrial motions are pending in 22CR253.

Between August 9, 2023, and November 21, 2023, Wright filed his five Motions to Amend. Each motion seeks to supplement Wright's Amended Complaint with additional allegations or claims for relief, and Wright attached to each motion unsigned Form Pro Se 14 Complaints for Violation of Civil Rights (Prisoner) which contain only the proposed amendments Wright seeks to add to his Amended Complaint, but are otherwise blank. Filing No. 46 at 2–12; Filing No. 48 at 2–12; Filing No. 53 at 3–13; Filing No. 55-1; Filing No. 57-1.

Despite Wright's commendable efforts to comply with the Court's local rules, none of his Motions to Amend conform to NECivR 15.1(a), which provides that a "proposed amended pleading must be a *complete pleading* that, if allowed to be filed, supersedes the original pleading in all respects; no part of the prior pleading may be incorporated into the proposed amended pleading by reference." NECivR 15.1(a) (emphasis added). Rather, Wright's Motions to Amend constitute piecemeal,

supplemental filings that do not comply with the Federal Rules of Civil Procedure or the Court's local rules.

Also, the Court cannot ascertain whether Wright seeks to have his Motions to Amend granted now or if he wants his Motions to Amend to be granted after the final disposition of the criminal charges pending against Wright in 22CR253 and 21CR67. *Compare* Filing No. 47 *with* Filing No. 49, Filing No. 54, Filing No. 56, and Filing No. 58. Regardless, the Court finds that the motions should be denied as this matter is still stayed pending resolution of Wright's criminal proceedings. The Court instructed Wright in its June 27, 2023, Memorandum and Order that this case may be reopened by Wright's filing of a motion to reopen the case after final disposition of his criminal proceedings. Filing No. 45 at 10–11. As his criminal proceedings remain pending, the Court's stay remains in effect and any attempts to amend his claims are premature.

For the foregoing reasons, Wright's Motions to Amend are denied. Wright should refrain from filing any more motions to amend his claims in this case until after final disposition of his criminal charges. Upon final disposition and in conjunction with a motion to reopen this case, Wright may seek leave to amend his Amended Complaint by filing a motion that complies with NECivR 15.1(a) and includes a complete amended pleading that contains all of the claims he wishes to assert against all the defendants.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions to Amend, Filing No. 46; Filing No. 48; Filing No. 53; Filing No. 55; Filing No. 57, are denied as premature and without prejudice to reassertion upon the reopening of this case after final disposition of Plaintiff's pending criminal charges.

2. The Clerk of Court is directed to transmit a copy of this Memorandum and Order to Plaintiff's counsel in 22CR253 and 21CR67.

Dated this 21st day of February, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge