IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CLIFFORD WRIGHT III, | |
| Plaintiff, | 8:22CV443 |
| vs. | |
| CITY OF OMAHA, NICHOLAS YARPE, #2082; COLE JOHANNSEN, #2157; and TODD SCHMADERER, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on several motions and other submissions filed by Plaintiff Clifford Wright III ("Wright" or "Plaintiff"), which generally can be categorized as: (1) complaints regarding his pretrial prison conditions, Filing No. 70; Filing No. 71, (2) motions seeking reconsideration of the administrative closure and stay of this case, Filing No. 73; Filing No. 75, and (3) motions to amend and supplement his complaint, Filing No. 74; Filing No. 78; Filing No. 79; Filing No. 80; Filing No. 82; Filing No. 83; Filing No. 84; Filing No. 85. For the reasons that follow, Wright's motions will be denied.

## I. BACKGROUND

Wright initiated this action on December 23, 2022, and the Court conducted an initial review of his Amended Complaint, Filing No. 44, on June 27, 2023. Filing No. 45. At the time of the Court's initial review, Wright was a pretrial detainee with pending criminal charges in *USA v. Wright*, No. 8:22-cr-00253-RFR-RCC (D. Neb.) (hereinafter "22CR253"), and a pending violation of supervised release in *USA v. Wright*, No. 8:21-cr-00067-RFR-MDN (D. Neb.) (hereinafter "21CR67").[1]  The Court determined that this

---
[1] The Court takes judicial notice of the records in 21CR67 and 22CR253. The Court can sua sponte take judicial notice of its own records and files, and facts which are part of its public records. *United States v.*

matter must be stayed pursuant to Wallace v. Kato, 549 U.S. 384 (2007), because "Wright's Fourth Amendment claims are based on the same set of facts and circumstances which led to Wright's indictment in 22CR253 and the pending trial on his violation of supervised release in 21CR67." Filing No. 45 at 8. Accordingly, the Court stayed this case pending final disposition of the criminal charges pending against Wright in 22CR253 and 21CR67. Id. at 10.

Wright's criminal proceedings in Case Nos. 22CR253 and 21CR67 remain pending. In 22CR253, a trial was held from May 27, 2025, to June 6, 2025, and the jury convicted Wright of possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1), possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(8) as charged in the Third Superseding Indictment. See Filing Nos. 377 & 446, Case No. 22CR253. As of the date of this order, Wright's sentencing in 22CR253 and a hearing on Wright's violation of supervised release in 21CR67 are currently scheduled for August 29, 2025. Filing No. 455, Case No. 22CR253; Filing No. 112 (text order), Case No. 21CR67.

## II. COMPLAINTS REGARDING PRISON CONDITIONS

As an initial matter, the Court addresses two of Wright's filings in which he raises complaints regarding his pretrial prison conditions. On December 30, 2024, Wright submitted correspondence to "[n]otif[y] this Honorable Court of violations of dignity and deprivation during [his] travels and stay to [and] from [Wright's] psych evaluation." Filing No. 70. Specifically, Wright indicated he had not been provided any cushion or mattress

---

Jackson, 640 F.2d 614, 617 (8th Cir. 1981). Judicial notice is particularly applicable to the Court's own records of prior litigation closely related to the case before it. Id.

2

for sleeping for two days while at USP Leavenworth, had been provided inadequate sleeping surfaces at USP Leavenworth and Metropolitan Correctional Center, had been provided "bland unhealthy food," and was attacked by an inmate on July 10 or 11, 2024. *Id*. On January 30, 2025, Wright submitted an affidavit to notify the Court "of the violation of [Wright's] 1st, 8th, 14th constitutional Amendment [rights]" and the "intentional mental anguish and emotion distress being inflicted on [Wright]" by a correctional officer at the Hall County Department of Corrections due to grievances he filed against the officer. Filing No. 71 at 1.

The Court will take no action in this case with respect to Wright's complaints regarding his pretrial prison conditions. However, the Court takes this opportunity to advise Wright that if he wishes to seek any relief regarding the prison conditions he cites in his correspondence and affidavit, then he must file a new, separate civil action or actions asserting the claims against each defendant he wishes to proceed against. Wright is further advised that he will be required to pay the filing fee for any new civil action he files. *See* 28 U.S.C. § 1915(b)(1).

### III.  MOTIONS FOR RECONSIDERATION

On March 10, 2025, Wright filed a "Motion of Leave for Reconsideration and Supporting Brief," Filing No. 75, and an "Amended Motion for Reconsideration and Amended Supporting Brief," Filing No. 73, asking the Court to reconsider the administrative closure and stay of this case. Wright also filed an affidavit and memorandum in support of his motions on March 21, 2025. Filing No. 77. Under Eighth Circuit law, motions to reconsider "'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Arnold v. ADT Sec. Servs., Inc.*,

3

627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). "A motion for reconsideration is also not the appropriate place to 'tender new legal theories for the first time.'" *Id*. (quoting *Hagerman*, *supra*). Accordingly, a motion for reconsideration should be denied absent "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." *Activision TV, Inc. v. Bruning*, 8:13CV215, 2014 WL 1350278, at *1 (D. Neb. Apr. 4, 2014) (internal quotation marks omitted).

Here, Wright asserts the Court's June 27, 2023, "factual findings may have been contrary to the law or erroneous." Filing No. 73 at 1 (spelling corrected); *see also* Filing No. 75 at 1. Specifically, Wright disputes the Court's conclusion that "a stay or abstention until resolution of Wright's criminal proceedings would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus." Filing No. 45 at 8–9 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995)). Wright contends that the Court's conclusion is contrary to the United States Supreme Court's holdings in *Wallace v. Kato*, *supra*, and *Heck v. Humphrey*, *supra*, because "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction," *Heck*, 512 U.S. at 487 n.7, and "under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the *Heck* bar can never come into play in a

4

§ 1983 suit seeking damages for a Fourth Amendment violation," *Wallace*, 549 U.S. at 395 n.5.  Filing No. 73 at 1–2; Filing No. 75 at 2.  Wright misunderstands the Court's conclusion as well as the Supreme Court language he cites and its application in the present case.

In concluding that a stay would be appropriate based, in part, on *Heck*, the Court did not conclude that Plaintiff's Fourth Amendment claims *necessarily* would be *Heck*-barred.  Rather, the Court simply recognized the potential that the rule in *Heck may* come into play with respect to Plaintiff's Fourth Amendment claims in the event he was convicted and depending on how the Fourth Amendment issues were resolved in his pending criminal cases.  This is precisely what the language from *Heck* cited by Wright recognizes, which in its full context provides:

> [A] suit for damages attributable to an allegedly unreasonable search *may* lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction.  Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (emphasis added) (internal citations omitted).

Moreover, Wright's reliance on the language he quotes from *Wallace* is misplaced as the quotation is taken out of context.  In full, the language from *Wallace* states:

> Justice STEVENS reaches the same result[—that the *Heck* bar of a conviction obtained after a § 1983 false arrest claim accrues does not toll the statute of limitations—]by arguing that, under *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the *Heck* bar can never come into play in a § 1983 suit seeking damages for a Fourth Amendment violation, so that "a habeas remedy was never available to [petitioner] in the first place." *Post*, at 1101 (opinion concurring in judgment).  This reads *Stone* to say more than it does.  Under *Stone*, Fourth Amendment violations are *generally* not cognizable on federal habeas, but they *are* cognizable when the State has failed to provide the habeas petitioner "an opportunity

5


> for full and fair litigation of a Fourth Amendment claim." 428 U.S., at 482, 96 S.Ct. 3037. Federal habeas petitioners have sometimes succeeded in arguing that *Stone's* general prohibition does not apply. At the time of a Fourth Amendment wrong, and at the time of conviction, it cannot be known whether a prospective § 1983 plaintiff will receive a full and fair opportunity to litigate his Fourth Amendment claim. It thus remains the case that a conflict with the federal habeas statute is possible, **that a Fourth Amendment claim can necessarily imply the invalidity of a conviction**, and that if it does it must, under *Heck*, be dismissed.

*Wallace*, 549 U.S. at 395 n.5 (third, bolded emphasis added). As the full quote from *Wallace* demonstrates, the *Heck* bar, indeed, may come into play in a § 1983 suit like Wright's seeking damages for a Fourth Amendment violation.

Because Wright's Fourth Amendment claims raised in the present case are based on the same set of facts and circumstances which led to Wright's prosecution in 22CR253 and the pending trial on his violation of supervised release in 21CR67, the Court stayed this case as any determination of whether *Heck may* apply cannot be made until Wright's criminal proceedings are finally concluded. Indeed, many of the issues and claims raised by Wright's pleadings, including his proposed amended complaint, Filing No. 74-1, have likely been litigated prior to or during Wright's trial in 22CR253 and potentially may *still* be litigated in a direct appeal of Wright's convictions or in postconviction proceedings if his direct appeal is unsuccessful. Thus, the Court will not endeavor at this time to puzzle out which, if any, of Wright's Fourth Amendment claims may not call into question the validity of his convictions as those convictions and the related Fourth Amendment issues have not been finally resolved.

Accordingly, based on the foregoing, Wright's motions for reconsideration, Filing No. 73; Filing No. 75, are denied.

## IV. MOTIONS TO AMEND, SUPPLEMENT, AND CONSOLIDATE

On March 10, 2025, Wright filed a motion for leave to file an amended complaint pursuant to NECivR 15.1(b), Filing No. 74, and attached an unsigned proposed amended complaint on the Form Pro Se 14 Complaint for Violation of Civil Rights (Prisoner), Filing No. 74-1. Between May 22, 2025, and June 9, 2025, Wright filed what the Court construes as seven motions seeking to supplement his proposed amended complaint with additional allegations, claims, and judicially noticed filings and testimony from 22CR253. Specifically, on May 22, 2025, Wright filed a "Motion of Leave to Consolidate," Filing No. 78, seeking leave to supplement his proposed amended complaint with additional allegations and an additional request for declaratory relief, and he filed an "Affidavit in support of warrantless search of Defendant's cellphone," Filing No. 79, asking the Court to take judicial notice of certain filings in 22CR253. On June 2, 2025, Wright filed a second "Motion of Leave to Consolidate" seeking leave to add his "Affidavit in support of Admissions of Respondents during In-trial testimony," Filing No. 81, to his pending proposed amended complaint. Filing No. 80. On June 4, 2025, Wright filed a "Request for Judicial Notice of Due Process Violation," Filing No. 82, asking the Court to "take judicial notice of the testimony [of] Officer Aaron Pennington during cross-examination at trial . . . on May 30, 2025," in 22CR253, *Id*. at 1, as well as a motion, Filing No. 83, seeking leave to consolidate his previous filings regarding trial testimony, Filing Nos. 80 and 81, and his "Request for Judicial Notice of Due Process Violation," Filing No. 82, with his pending proposed amended complaint. On June 9, 2025, Wright filed a motion, Filing No. 85, asking the Court take judicial notice of the in-court testimony of Morisha A. Brown, and he also filed what the Court construes as a motion asking the

7

Court to grant his pending amended complaint and all the previous supplemental amendments thereto; take judicial notice of any supplemental in-court testimony transcript of trial proceedings submitted in this civil litigation; and treat any of Wright's "Fourth Amendment claims as violation of due process claim in the form of fabricated evidence as trial in 8:22CR253 has now commenced and a Fourth Amendment claim becomes a due process claim," Filing No. 84 (punctuation and capitalization altered from original). Finally, on June 12, 2025, Wright filed what the Court construes as another supplement to his pending proposed amended complaint. Filing No. 86.

As the Court concluded with Wright's previous attempts to amend his claims in this matter, *see* Filing No. 61, Wright's motions seeking leave to amend and supplement his Amended Complaint are premature and are denied. The Court declines to reconsider its stay of this matter and has determined that the stay will remain in place until final resolution of Wright's criminal proceedings, including any appeals and postconviction proceedings. After final disposition of his criminal proceedings, Wright may file a motion to reopen this case and may seek leave to amend his Amended Complaint at that time by filing a motion that complies with NECivR 15.1(a) and includes a complete amended pleading that contains all of the claims he wishes to assert against all the defendants.

IT IS THEREFORE ORDERED that:

1. The Court will take no action on Wright's complaints regarding his pretrial prison conditions, Filing No. 70; Filing No. 71.

2. Plaintiff's motions for reconsideration, Filing No. 73; Filing No. 75, are denied.

3. Plaintiff's motions to amend and supplement his Amended Complaint, Filing No. 74; Filing No. 78; Filing No. 79; Filing No. 80; Filing No. 82; Filing No. 83; Filing No. 84; Filing No. 85, and any supplements thereto, are denied as premature and without prejudice to reassertion upon the reopening of this case after final disposition of Plaintiff's criminal cases in 22CR253 and 21CR67.

Dated this 12th day of June, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge